IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KARL LINARD MALLOY,

        Appellant,

v.                                                                                Civil Action No. 3:24CV890 (RCY)

KRISTIN E. SCHELIN, *et al.*,

        Appellees.

## MEMORANDUM OPINION

Karl Linard Malloy ("Appellant") appeals the United States Bankruptcy Court's denial of his latest Emergency Motion for Protective Order. In short, Appellant challenges the Bankruptcy Court's decision, in denying his Motion, not to prevent and prohibit Appellees from pursuing their appeal of the Final Judgment entered by the Circuit Court for the County of Powhatan, Virginia. Appellant generally argues that, by permitting the state court appeal, the Bankruptcy Court improperly modified the automatic stay triggered by the underlying bankruptcy action. For the reasons set forth below, the Court finds—as it did in the context of Appellant's previous appeal of a Bankruptcy Court Order denying Emergency Motion for Protective Order, *see* Mem. Op., *Malloy v. Schelin* (*Malloy III*[1]), Case No. 3:24CV477, 2025 U.S. Dist. LEXIS 21915 (E.D. Va. Feb. 6, 2025), ECF No. 6—that the presently appealed Order was not a final order, and so the Court lacks jurisdiction to take up the appeal.

---

[1] While not Appellant's third appeal in total, *see infra* n.3, *Malloy III* was the third appeal from the underlying bankruptcy case that the undersigned handled. The present appeal is the fourth.

## I.  BACKGROUND[2]

This appeal—the twenty-third such filing[3]—arises out of the Appellant-Debtor's Chapter 13 bankruptcy case in this District.  *In re: Karl Linard Malloy*, Case No. 23-33442-KRH (Bankr. E.D. Va. Oct. 5, 2023).  During the course of the bankruptcy proceeding, Appellant removed an ongoing state court suit (the "State Court Litigation") to the Bankruptcy Court.  *Malloy III*, 2025 U.S. Dist. LEXIS 21915, at *2; *see* Adv. Proc. No. 23-03043.  In the State Court Litigation, Appellees (there, Plaintiffs) sought specific performance, damages, and other relief as a result of the termination of a sale agreement between Appellant and Appellees, whereby Appellees had agreed to purchase and Appellant had agreed to sell Appellant's primary residence.  *Id*.  On December 20, 2023, the Bankruptcy Court entered an order remanding the State Court Litigation to the Powhatan County Circuit Court (the "Remand Order").  *Id*.

Relevant here, the Remand Order directed

> that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit the Plaintiffs to continue the State Court Litigation to a final judgement, provided, however, that the Plaintiffs must seek further relief from this Court prior to execution of any judgment rendered by the State Court.

*Id.* at *2–3.  Pursuant to this Remand Order, the State Court Litigation resumed, and on May 20–21, 2024, the State Court conducted a trial.  *Id.* at *3.  Thereafter, on or about May 31, 2024, Appellees filed a "final judgment draft order" in the state court that states, in part, "[u]pon entry

---

[2] Appellant incorporates by reference the facts recited in his prior appeal briefing and "the contents of the record" generally.  Appellant Br. 4, ECF No. 21.  The Court accordingly adopts and largely reproduces herein the statement of facts it recited in connection with Appellant's prior related appeal, *Malloy III*, in which Appellant similarly appealed the Bankruptcy Court's denial of Appellant's Motion for Emergency Protective Order.

[3] The Court further notes that Appellant filed two additional notices of appeal between noticing the present appeal and the time the record was transmitted in this case, bringing his total appeals to twenty-five as of that date.  *See generally* Bankr. Dkt. Rpt., ECF No. 3-2 (appeals noticed before the instant appeal:  Bankr. Dkt. Nos. 128, 129, 137, 175, 297, 298, 299, 456, 458, 462, 463, 465, 466, 468, 469, 470, 471, 472, 473, 474, 565, 566; appeals filed thereafter:  Bankr. Dkt. Nos. 601, 633).  Review of related cases suggests that the number has since climbed to at least twenty-nine.  *E.g.*, Appellant's Resp. Show Cause, *Malloy v. Schelin*, Case No. 3:24-CV-729 (MHL) (E.D. Va. Mar. 3, 2025), ECF No. 51 (admitting to the filing of twenty-nine appeals).

of this Final Judgment by the Court, and the Plaintiffs' payment of the required Clerk's fees and costs to record, the Clerk shall docket, record, and index this Final Judgment as a lien upon title to [Appellant's primary residence] pursuant to Va. Code § 8.01-458." *Id.*

Appellant then filed an Emergency Motion for Protective Order with the Bankruptcy Court, seeking an order prohibiting either Appellees or the Powhatan County Circuit Court from "docketing, recording, and/or indexing any final judgment as a lien upon title to [Appellant's property]." *Id.* at *4. Following a hearing, the Bankruptcy Court denied the Emergency Motion. *Id.* In its subsequently issued order, the Bankruptcy Court emphasized that it "plainly ha[s] jurisdiction to interpret and enforce its own prior orders," and it articulated further that,

> [i]n the Remand Order, [the Bankruptcy] Court granted [Appellees] relief from the automatic stay imposed by section 362 of the Bankruptcy Code to continue the State Court Litigation to a final judgment. That necessarily includes the entry and docketing of a final judgment. The Court reiterates that the [Appellees] must seek further relief in [the Bankruptcy] Court before taking any action to enforce a final judgment entered by the State Court.

*Id*. at *5. Appellant appealed that denial to this Court. *Id.* Upon consideration, the undersigned determined that the appeal should be dismissed for one of two, equally viable grounds: first, that it constituted an improper interlocutory appeal from the Bankruptcy Court, and second, that the issues implicated in the appeal were constitutionally moot, given that the State Court had, by that time, docketed the Final Judgment, after which Appellees appealed the Final Judgment within the Virginia state judicial system. *Id*. at *11–13. Appellant then appealed the undersigned's dismissal order to the Fourth Circuit, where it remains pending. *See* Not. Appeal, *Malloy III* (Mar. 7, 2025), ECF No. 8, *appealed sub nom. Schelin v. Malloy*, Appeal No. 25-1234 (4th Cir. Mar. 12, 2025).

Not satisfied with the progression of the matter in state court, on November 21, 2024, Appellant filed yet another Emergency Motion for Protective Order with the Bankruptcy Court, arguing that Appellees "have violated the automatic stay imposed by 11 U.S.C. § 362 by initiating

3

an appeal of the Final Judgment in the Court of Appeals of Virginia." Emergency Mot. Prot. Order ("Emergency Mot.") at 2, ¶ 9, ECF No. 12-16. Appellant asked that the Bankruptcy Court "prohibit [Appellees] from prosecuting their appeal of the Final Judgement [sic] in the Court of Appeals of Virginia [and] require that [Appellees] withdraw their appeal of the Final Judgement [sic] in the Court of Appeals of Virginia." *Id*. at 3. The Bankruptcy Court conducted a hearing on the Emergency Motion on November 26, 2024, at the conclusion of which it denied the Emergency Motion. *See* Ch. 13 Bankr. Dkt. at 55, Entry No. 583, ECF No. 3-2; Nov. 26, 2024 Bankr. Hrg. Tr. 10:4–13:2, ECF No. 20. It then issued a written Order Denying Emergency Motion for Protective Order, articulating its reasoning for denying the Emergency Motion. *See* Order Denying Emergency Mot., ECF No. 12-22.[4]

This appeal followed.

## II. DISCUSSION

Appellant argues that "the Bankruptcy Court abused its discretion, made errors of fact, and/or made errors of law" in denying Appellant's Emergency Motion for Protective Order, insofar as the Bankruptcy Court erred when it determined that the "modification of the automatic stay provided in the Remand Order includes the continuation of the legal proceedings through the appellate process." Appellant's Br. 1, ECF No. 21. Specifically, Appellant argues this ruling constituted an "improper modification of the automatic stay." *Id.* at 7. Appellees argue that this appeal once again constitutes an improper interlocutory appeal of a non-final judgment of the Bankruptcy Court, and as such, this Court lacks jurisdiction to consider the appeal. Appellees' Br. 3–4, ECF No. 22. The Court agrees.

---

[4] Also docketed as an attachment to the Notice of Appeal, at ECF No. 1-1.

As the Court has now repeatedly articulated, Title 28 of the United States Code, section 158 establishes that district courts "have jurisdiction to hear appeals [–] (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges . . . ." 28 U.S.C. § 158(a).  The second and third avenues of appeal are not available to Appellant here, as the Bankruptcy Court's Order Denying Emergency Motion for Protective Order was not issued pursuant to 11 U.S.C. § 1121(d), and neither did Appellant receive leave of court to appeal.  Accordingly, this appeal is only proper if it constitutes an appeal from a final judgment, order, or decree—which it does not.

This Court will not recite the relevant law again in full; rather, suffice it to say that established and binding precedent does not support Appellant's desired finding that the Bankruptcy Court's underlying Order constituted an "immediately appealable" modification of the automatic stay.  *See, e.g.*, *Malloy III*, 2025 U.S. Dist. LEXIS 21915, at *7–9.  In *Ritzen Group, Inc. v. Jackson Masonry, LLC*, the Supreme Court explained that if a Bankruptcy Court decision does "not *conclusively resolve* the relevant 'proceeding,'" it is not a final order for purposes of § 158(a).  589 U.S. 35, 41 (2020) (emphasis added).  The Court elaborated that, where a decision does not alter the status quo and "leaves the 'parties' rights and obligations . . . unsettled,'" it "cannot be typed 'final.'"  *Id.* at 42 (omission in original) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 476, 502–03 (2015)).

In this case, the Order underpinning the present appeal conclusively resolves nothing.  Rather, it preserves the status quo established by the Bankruptcy Court's Remand Order, which "permit[ted] the Plaintiff[-Appellees] to continue the State Court Litigation to a final judgment" and imposed a requirement that "the Plaintiff[-Appellees] must seek further relief from [the

5

Bankruptcy Court] prior to execution of any judgment rendered by the State Court." Order Denying Emergency Mot. 2, ECF No. 12-22 (quoting Remand Order, Adv. Proc. No. 23-03043, Bankr. ECF No. 16 at 9). Thus, the Bankruptcy Court's ruling "le[ft] the 'parties' rights and obligations . . . unsettled,'" *Ritzen Grp.*, 589 U.S. at 42, awaiting (1) resolution of the state appellate process and (2) any effort by Appellees to take any action to *enforce* whatever final judgment results from their state court appeal.

Based on the foregoing, the Court once again finds that the Order Denying Emergency Motion did not constitute a final decision or order in a bankruptcy case or proceeding. Thus, it may not be appealed as of right, and the Court must dismiss the appeal for lack of jurisdiction. *Blair v. Bestwall, LLC (In re Bestwall, LLC)*, 99 F.4th 679, 687 (4th Cir. 2024).

### III. CONCLUSION

For the reasons set forth above, the Court finds that the Bankruptcy Court's Order Denying Emergency Motion for Protective Order did not constitute a final order, and therefore the Court must dismiss this interlocutory appeal for lack of jurisdiction.[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: July 18, 2025
Richmond, Virginia

---

[5] The Court observes that this is the third time it has articulated the standard for ascertaining what does and does not constitute a final order or judgment, for purposes establishing District Court jurisdiction to hear an appeal from the Bankruptcy Court. *See Malloy v. Unknown*, Case No. 3:24-CV-171 (RCY) (E.D. Va. June 18, 2024), ECF No. 7; *Malloy III*, 2025 U.S. Dist. LEXIS 21915. Other judges handling Appellant's appeals from the same underlying bankruptcy proceeding have similarly admonished Appellant regarding the requirements of 28 U.S.C. § 158(a). *See, e.g.*, *Malloy v. Schelin*, Case No. 3:24-CV-002 (MHL) (ECF No. 37 at 2 n.2) (E.D. Va. Nov. 19, 2024). Although Appellant is *pro se*, the Court takes notice of the fact that he is actually a trained attorney, albeit not a member of the Virginia State Bar. *See id.* at 1 n.1 (citing *In re Karl Linard Malloy*, Case No. 23-33442-KRH (ECF No. 426, at n.4) (Bankr. E.D. Va. Oct. 28, 2024)). In light of the foregoing, Appellant's conduct is verging on willful and vexatious abuse of the court system. Should Appellant persist in this course of conduct, the Court will consider exercising its authority to impose sanctions. *E.g.*, Show Cause Order, *Malloy v. Schelin*, Case No. 3:24-CV-00729 (MHL) (E.D. Va. Feb. 13, 2025), ECF No. 46 (ordering Appellant to show cause why sanctions should not be imposed for his repeated filing of procedurally improper appeals, which were indicative of filings in bad faith).